*MOORHEAD vs. THOMPSON & AL.*

The capacity of persons sueing as heirs, need not be proved, unless it be specially denied.

Where an account is called for, the general rule is, the statement furnished cannot be divided.

Parol confessions of a party, made orally, should be received with great caution.

APPEAL from the court of probates for the parish of Iberville.

The plaintiff, as attorney in fact of the heirs of Nathaniel Scales, jr. brought this suit to recover from Joseph Thompson, curator of the estate of Robert Thompson, deceased, who was curator of the succession of Scales, the sum of thirteen thousand seven dollars and three cents. Erwin, the surety in the curator's bond, was made a party to the suit, and judg-

Eastern District.
*[May,* 1830.

MOORHEAD
*vs.*
THOMPSON
& AL.

ment prayed against him as such. The de-fendants plead payment, and filed with their answer certain accounts and vouchers against the succession of Scales, in support of their plea. The court below gave judgment against the defendants jointly, for six thousand five hundred and seventy-five dollars and forty-seven cents, from which Thompson appealed.

*Pierce,* for appellant.

1. The court had no jurisdiction over the claim against Erwin.

2. The judgment is against Thompson, personally, when he is sued as curator.

3. The power of attorney is not duly proved.

*Workman,* for appellees.

PORTER, J. delivered the opinion of the court. This action is brought against the curator of the succession of the curator of N. Scales, junior's estate, to compel a liquidation of the accounts of the succession and payment of the balance due. The surety in the curator's bond is made a party to the suit, and judgment is prayed against him as such.

The general issue, and payment, were pleaded.

After an examination of the vouchers pro-
duced by the defendant in support of his plea
of payment, and the other evidence, oral and
documentary, the court gave judgment jointly
against Thompson and Erwin, for six thou-
sand five hundred and seventy-five dollars
and forty-seven cents, with interest from
judicial demand.

The correctness of this judgment against
Erwin cannot be examined, as he has not
appealed from it, and is not before the court.

An objection has been made here, which
the pleadings in the court below do not pre-
sent. It is contended, there is no legal proof
of the persons for whom suit is brought being
heirs, nor any that the plaintiff is the repre-
sentative of these heirs.

This objection should have been taken in
*limine lites;* it has been repeatedly decided
by this court, that a denial of all the facts and
allegations in a petition, amounted to the
general issue, and did not require proof of the
representative character of the plaintiff, where
suit was brought in that character; that it
formed the *contestatio lites,* on the merits
alone. We decided a few days since, that
such a plea did not put at issue, the *amicable*

Eastern District.
.May, 1830,

MOORHEAD
vs.
THOMPSON
& AL.

*demand,* which was one of the allegations of the petition.

There are two questions of law presented by the proceedings, which it is proper to dispose of, before the merits are gone into.

The first relates to documents offered by the defendant in evidence. A bill of exceptions states, they were rejected. They consist of a letter from the intestate to the house of Kenner & Co.; a draft on them for two thousand dollars; and a letter from that house to Thompson, the curator. There is also their account current with deceased. We think the judge should have admitted them, and we are clear the cause should not be remanded because he did not. For, far from establishing any payment by the curator, they prove the reverse, namely, that the account was discharged through other sources.

The second grows out of a position assumed by the defendant, in support of his account. He contends, that if the plaintiff relies on it to establish the sums received by defendant, he must admit all the items which it offers in discharge; that it cannot be divided. The plaintiff insists, the principle invoked does not apply to persons who are

bound by law to furnish accounts, agents, &c. And of that opinion is this court. We have already expressed ourselves to the same effect, in the case of *Smith* vs. *Hanrathy.* Where the account is called for, the general rule is, the statement furnished cannot be divided. But where it is the duty of the party producing it to render one, no such consequence follows. The distinction appears to us, to rest on solid grounds. Where the evidence is, or was, equally within the power of both parties, and one of them, instead of procuring it, and furnishing it, chooses to rely on his adversary's confessions, it is proper he should take them together. He voluntarily makes him a witness. But where business is intrusted to the gestion of an agent, the principal has no means in the greater number of instances, of ascertaining, how it is conducted, except through the account which that agent furnishes. If the latter, in rendering this account, had nothing more to do, but by charging himself with the sums received, to obtain credit for every thing he placed on the other side in discharge, it is evident the legal obligation to render an account, would be of no use to the party for whose benefit the law imposes this obligation.—*5 Martin, n. s.* 320.

Eastern District.
*May,* 1830.

MOORHEAD
*vs.*
THOMPSON
& AL.

Where an account is called for, the general rule is, the statement furnished cannot be divided.

MOORHEAD
*vs.*
THOMPSON
*&* AL.

Proof of confession of a party made orally should be received with grat caution.

On the merits, the principal matter contested between the parties, is the credit due to the witness, who testified in relation to a large portion of the items in the curator's account. He swears that the father and heir of the deceased, admitted them in his presence to be correct. Proof of confessions of this kind, as we have more than once remarked, is extremely dangerous, and should be received with great caution. But the high respectability of the witness on this occasion, who is no other than the judge of probates of the parish where the succession was opened, forbids the belief that he has stated more or less than the truth. Indeed, it is not pretended he has done so intentionally, but it is said he may be mistaken, and probably is so, because the date of the account is posterior to the time at which the acknowledgment was made. The judge states, that the father acknowledged certain items contained in the account now presented, but it does not follow, those items may not have been presented in another account previous to the drawing off of that which was filed with the answer. The difference in time is easily accounted for, by supposing, a not unfrequent occurrence, of

parties making some steps towards a settlement, before the regular submission of the accounts to the court of probates.

Eastern District.
May, 1830·

MOORHEAD
vs.
THOMPSON .
& AL.

The acknowledgment of the father, in his own right, and as attorney for the mother of the deceased, from whom he had authority to compound and settle the debt, binds the parties to this action, unless they show it was made in error.

On an examination of the accounts, we are unable to say the court of probates erred, in the balance it considered due to the plaintiff; but there is error in giving judgment personally against the defendant. He is curator, of the succession of the curator of Scales' estate, and it is not seen how he is personably liable. The 1007th article of the *Code of Practice* authorises judgment, against the curator in his personal capacity, who fails to pay over the balance due to the heir. But that responsibility does not descend upon the representative of the curator. The debt, as it relates to him, is in the same situation with every other, against the estate he administers.

The personal responsibility of a curator does not devolve on his curator.

The curator to Scales' estate was appointed under the old Civil Code, which gave a mortgage on his estate from the day of his appointment. *C. C.* 176, *art.* 135.

Eastern District.
*May*, 1830.

MOORHEAD
*vs.*
THOMPSON
& AL.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates, so far as it relates to the defendant, Joseph Thompson, be annulled, avoided and reversed; and it is further adjudged and decreed, that the plaintiff do recover from the said Joseph Thompson, curator of the estate of Robert Thompson, the sum of six thousand five hundred and seventy-five dollars and forty-seven cents, with interest thereon at five per cent. from judicial demand, the same to be paid by the defendant curator as aforesaid, in due course of administration as a mortgaged debt; and it is further decreed and ordered, that the appellees pay the costs of this appeal, and the defendant and appellant those of the first instance.