Simon, J.
This suit was brought in the Parish Court against William Porter, in his lifetime, and was, after issue had been joined, subsequently transferred to the court, a qua, and there revived against his testamentary executrix.
The plaintiff represents, that about one year before the institution of the suit, she deposited with the defendant a sum of three hundred dollars for safe keeping, as also a 'arge quantity of furniture, which she sent to his house, and which was there received by him ; and that the balance of her furniture, jewelry, &c., was forcibly and fraudulently taken away by him from her dwelling. She annexes a list of all the said goods, chattels and furniture; and prays for a judgment for the sum of $2046, being the amount or value thereof.
The answer of the defendant admits, that he received from the plaintiff certain household furniture on storage, together with a horse and dray, which he avers he is willing to deliver, on her paying him the sum of $147, due him for storage of the same, *114 and for other expenses. He further avers, that it was understood between them, that a final settlement of accounts should be had before delivering back any of the articles, and that the plaintiff owes him $442 50, as shown by an account filed with his answer.
The testamentary executrix subsequently filed another answer setting forth, that a suit (had been brought by one Mrs. Page against the plaintiff, and a judgment rendered therein, on which an execution had been issued which was levied, in the lifetime oí the deceased, and after he had joined issue in this suit, by the marshal of the City Court, upon all the property of said plaintiff, then in the hands of the deceased ; that the sale thereof was enjoined by the plaintiff, who subsequently took a part of the effects seized into her possession, out of the hands of the marshal, the remainder being in the hands of said marshal subject to her order.
There was judgment below in favor of the plaintiff, for the sum of $407 50, and the executrix has appealed.
From the evidence contained in the record, it is clear, that the deceased had in his' hands a sum of three hundred dollars belonging to the plaintiff. This he acknowledged repeatedly to several witnesses, who all agree upon the fact, that the money was deposited in Porter’s hands by the plaintiff, to be by him kept at her disposal. She at divers times, and whilst she Avas in jail, drew upon him for parts of the amount; but he always refused to pay, admitting that he owed her the amount claimed, but saying that he would not pay until she came out of jail. It is also shown by other witnesses, that the plaintiff, some time previous to putting her money into Porter’s hands, had received a sum of $480 in gold and silver ; that she wished one of the witnesses to keep said sum for her; and that this amount proceeded from collections made for her by .one of the witnesses.
It is true, we have often said that proof of admissions or declarations made by a party to a third person, by Avhich it is attempted to make him liable, is the weakest of all evidence; and that such proof is extremely dangerous, and should be received with great caution ; (1 La. 281. 9 Ib. 561. 11 Ib. 139 ;) and seethe case of the Succession of iSegond, just decided, ante, p. 111. But, in this case, the evidence is not limited to the simple admission of the party. This admission or confession made to several witnesses *115 at different times, is corroborated by such other circumstances as leave no doubt on our minds of the truth of the fact. The plaintiff was in jail; she had confidence in the deceased ; he had consented to become her surety; she had put him in possession of all her furniture and other effects; she wanted some one to keep her money, the same money that she had previously received and offered to another person. Whilst in jail, she drew drafts upon the deceased; and, at different times, and in the presence of divers persons, he repeatedly admitted that he had in his possession $300, which the plaintiff had deposited in his hands for safe keeping. He had been made, the depositary of all her moveable effects. This he also admitted to the same witness who saw him in possession thereof; nay, this is even admitted by the deceased in his answer, in which he claims a sum of $147 for the storage thereof; and we are unable, under such circumstances, to come to any other conclusion, than that this sum of $300, together with the other small sums for which judgment was given below for the additional amount of $107 50, making together the amount of the judgment appealed from, was correctly-allowed by the inferior court.

Judgment affirmed.