WESTERN DIST.
*October*, 1856.

TIPPET
*vs.*
JETT.

---

## TIPPET *vs.* JETT.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Where a lessee is sued for the rent, and has been in the undisturbed possession of the premises under a lease, he cannot contest the lessor's title.

So a lessee cannot avail himself of the purchase of the leased premises from other claimants. He entered as the lessor's tenant, and his possession is that of the lessor, which he cannot change as to any part of the premises by the purchase of adverse titles.

The court will correct an error in the finding of the jury, as to the amount or sum found, when it can do so and not remand the case.

This is an action instituted on a claim for rent. The plaintiff alleges that the defendant (J. M. Jett) is indebted to her, in the sum of eight hundred dollars, due for the rent of a tract of land, from the 10th of March, 1830, up to the time of bringing suit, 21st October, 1833.

The defendant pleaded a general denial, and averred that the plaintiff was without title to the land for which she claims rent. That her title is null, because she claims in virtue of a probate sale, which was made without legal authority.

The defendant further avers, that as administrator of the succession of Tabitha Jett, to which this land then belonged, he rendered an account of rents to the Court of Probates, and also, the nett proceeds of the crop of 1830.

He further shows, that the plaintiff is one of the heirs of said succession, and is entitled as such to one fourth of it; but he held this same land as administrator, under the order and appointment of the Court of Probates, up to 1832.

He further avers, that he has become the owner of the portions of several of the heirs of Mrs. Jett, deceased, by purchase of the land in question, and sets up title to one half thereof. That the plaintiff is, in fact, indebted to him, both as administrator, and since he became owner, in the sum of two thousand dollars, for which he demands judgment in reconvention.

Upon these pleadings and issues, the cause was submitted for trial, before a jury.

The plaintiff produced in evidence, the act under which she purchased the leased premises, at the probate sale of Mrs. Jett's succession.

Spurlock, witness for plaintiff, sworn, says, he had a conversation with the defendant, about the rent, and the latter offered to pay two hundred dollars for the land, per annum, if the plaintiff would withdraw a former suit, for rent then due. This was done, and the defendant afterwards refused. He made four crops after the probate sale, in 1830-31-32 and '33. He left the place in the spring of 1834, and Mrs. Tippet (the plaintiff) has had possession since. That

defendant promised to pay rent, at two hundred dollars per year, from the time he went there, until he removed from the place in 1834.

Another witness says, the defendant gathered the crop of 1833.

The defendant offered evidence to show title in himself, to a part of the leased premises, and that the plaintiff had no right or title.

On hearing all the testimony, and the arguments of counsel, the jury returned a verdict for the plaintiff, for the sum claimed. From judgment rendered thereon, the defendant appealed.

*Flint*, for the plaintiff, explained the case. He argued to show, that the evidence established the plaintiff's claim for the entire amount of rent, due for the use of the land in question, during four years, at two hundred dollars per year.

2. The plaintiff showed title, and that the defendant was her lessee. The rent which is charged and claimed, is but a fair compensation for the value of the property leased.

*Winn*, for the defendant, urged that the latter was the owner of one undivided half of the rented premises. The claim for rent cannot, therefore, be sustained.

2. The defendant had a right to set up title to the land, in an action for rent. If he is the owner of the land he is not bound to pay rent.

3. The plaintiff held this very land, as lessee for two years, while it was part of Mrs. T. Jett's succession. She has continued to hold and possess the premises in the same way, without any new agreement for a new lease, and must still hold, subject to the same conditions to pay rent. Her silence shows an assent to the same terms, &c. *Louisiana Code,* 1811, 2658.

*Martin, J.,* delivered the opinion of the court.

The plaintiff claims four years rent of a plantation, at the rate of two hundred dollars per year. The defendant

46

TIPPET
*vs.*
JETT.

Where a lessee is sued for the rent, and has been in the undisturbed possession of the premises under a lease, he cannot contest the lessor's title.

So, a lessee cannot avail himself of the purchase of the leased premises from other claimants: he entered as the lessor's tenant, and his possession is that of the lessor, which he cannot change as to any part of the premises, by the purchase of adverse titles.

The court will correct an error in the finding of the jury, as to the amount or sum found, when it can do so, and not remand the case.

pleaded the general issue, denied the plaintiff's title to the leased premises, and avers himself to be the owner, by purchase, from several part owners, of the plantation in question.

There was a verdict in favor of the plaintiff for the sum demanded, without prejudice to the defendant's rights, as claimed and set forth in his answer.

The lease was proved, and the occupation of the leased premises by the defendant, during three years. He cannot contest the plaintiff's title, as he had the undisturbed possession of the premises, under a lease from her. Neither can he avail himself of the alleged purchases, from other claimants or owners; as he entered on the land as the plaintiff's tenant, his possession was hers, and he could not change it, as to any part of the premises, by the purchase of adverse titles.

The plaintiff is, perhaps, entitled to the rent or crop, for the year 1833, but as it was not due, at the inception of the suit, it cannot be recovered in this action, and the rights of the plaintiff in regard to it, must be reserved.

It has appeared to us better to correct the error into which the jury has fallen, than to occasion delay and expense by remanding the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such judgment, as in our opinion ought to have been given in the court below, it is ordered, adjudged and decreed, that the plaintiff recover from the defendant, the sum of six hundred dollars, without prejudice to the claims set up by the defendant, in his answer, with the costs in the District Court, and that she pay those of the appeal.