No. 217.—R. A. PHELPS, Sheriff, v. J. C. F. TAYLOR et al.

The possession of the lessee to the premises leased, is the possession of the lessor; the lessee can not therefore, during the time of the lease, contest the title of the lessor.

A judgment that has been rendered against a party who has not been cited, is void and will be reversed on appeal.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray, J. D. C. Morgan,* for plaintiff and appellee. *Todd & Brigham,* for defendants and appellants.

HOWELL, J. Plaintiff, in his official capacity, sues upon two notes given on third January, 1870, by the defendants in favor of D. B. Douglas, sheriff, or his successors, and due first January, 1871, for the rent, respectively, of two plantations during 1870. The movables on each plantation were provisionally seized. One of the defendants, Taylor, the lessor, sets up an anterior title from one Haddock to one plantation and a prior lease of the other from one Mrs. Cleveland, and alleges that the sheriff illegally seized both plantations, and not being able to resist him, he consented to make the lease and give the notes sued on, and he asked that his vendor and lessor be cited in warranty,

74

and the plaintiff in said seizure be cited to answer his demand for damages. The other defendant, Todd, was not cited and made no appearance.

Mrs. M. C. Cleveland presented a petition of intervention, claiming to be the owner of one of the plantations by purchase free of incumbrance, at a probate sale on first February, 1860, of the property of J. W. Cleveland, deceased, as per deed from W. C. Tait, administrator, which property she alleges was illegally seized by the sheriff in the suit of D. Pipes *v.* W. C. Tait, administrator, and W. C. Tait, and under said seizure claimed and exercised the right to have the same for the year 1870, and took one of the notes sued on, to which she is entitled, and she prayed that the plaintiff and defendants be cited and she have judgment on said note against the makers. This petition seems to have been filed by the clerk, and afterwards counsel moved that the intervention be allowed and served, which was refused on two grounds set out in the bill of exceptions taken to the refusal, to wit: Because a suit was pending in said court for the same cause of action : Because intervenor claims the nullity of the lease and at the same time demands the fruits thereof. A judgment was rendered against the two defendants *in solido,* and they took a devolutive appeal. Mrs. Cleveland filed a bond for a devolutive appeal, but we find no order of appeal asked for or granted on her behalf, without which there can be no appeal.

We have stated the pleadings at unusual length, because of their peculiar nature, and to make our ruling the better understood.

The defendant Taylor took two bills of exception, one to the sustaining of plaintiff's objection to having the warrantors and the plaintiff in the execution cited, and the other to the refusal to allow him to prove by the sheriff's return that said officer was without authority to make the lease sued on. The action of the judge was based on the grounds that the pleadings did not allow such parties to be brought in and such proof adduced.

The judge did not err. A lessee can not contest the title of his lessor during the time of his enjoyment of the leased premises. The possession of the lessee is the lessor's, whose title the former can not question. 10 La. 362; 2 R. 461 ; 6 R. 139; 10 An. 622. The lessee in this case did not offer to prove that he was disturbed in his possession during the year for which rent is claimed as evidenced by his notes sued on. The judgment against him was correctly rendered, but that against Todd, who was not cited and made no appearance, is erroneous. This the plaintiff admits.

It is therefore ordered that the judgment appealed from be reversed as to R. B. Todd, and affirmed in other respects.' Costs of appeal to be paid by defendant, Taylor.