January 11, 1909.

————o————

No. 4597.

Court of Appeal, Parish of Orleans.

## MRS. J. A. DAMONTE VS. VALENTINE K. IRION.

1. A lessor sued for rent, and in undisturbed possession of the premises, under the lease, cannot contest the lessor's title.

2. Where a married woman leases to another property of her own, and the lessee deals with her as such owner, the very fact of the married woman leasing the property herself, shows that she retained the control and administration of the property so far, at least, as the lease is concerned.

3. Thus, as the owner of the property and with this indicia of separate control and administration of the property, she may maintain an action in her own name, her husband authorizing her to stand in judgment, for the recovery of the rent due.

4. On the merits it is shown that a valid binding agreement, amounting to a complete contract, verbally made beween the parties to lease the property, existed.

5. It is not shown that up to the time when the verbal contract became complete in itself and independent of any writing, any written lease was contemplated or agreed on.

Appeal from Civil District Court, Division "A."

Stafford, Lambert & Robinson, for Plaintiff and Appellee.

Lazarus, Michel & Lazarus, for Defendant and Appellant.

MOORE, J.   This was a suit founded on an alleged oral contract of lease, beginning on the first day of October, 1906, and terminating on the 30th day of September, 1907; the purpose of the suit being for the recovery of the agreed monthly rental due for the period of actual occupancy of the leased premises by the lessor, id est, from October 1st, 1906, to the 1st of August, 1907; the cancellation of the lease for the remaining contract period and for the recognition of the lessor's privilege.   A writ of provisional seizure was applied for, obtained, and the property found in the leased property duly levied upon thereunder.

The answer is that the defendant "did not individually lease any property whatever from plaintiff in this suit, Mrs. J. A. Damonte, nee Sauborn, and does not owe her any sum whatever * * * " and it contains also a reconventional demand for damages in the sum of sixty-five hundred dollars.

There was judgment in favor of plaintiff for the sum of four hundred dollars with legal interest from judicial demand, maintaining the provisional seizure with recognition of the lessor's lien on the property seized and dissolving the lease from and after August, 1907, and from this judgment defendant appeals.

The property which was the subject of the alleged lease is

a dwelling house, and is situated in the residential portion of the city of New Orleans.

All negotiations looking to the lease of the property were begun, continued and finally consummated exclusively by and between Mrs. Damonte, as the owner, and the defendant.

The terms of the lease, the period of actual occupancy of the premises and the monthly rent to be paid for the leased property are not disputed.

The controversy, on the merits, is whether the defendant, to the knowledge, or to the information of the plaintiff, was dealing in this transaction in a representative capacity, to-wit: as the agent or representative of an institution known as the "Southern Dental Manufacturing Company," and not for himself.

It appears that the defendant was the Secretary of the Company which, as we learn from his testimony, was organized for the purpose of "exploiting" certain patents, owned by the Company, for the manufacture of porcelain teeth.

It never had any office or place of business, and was not yet actually engaged in the manufacture and sale of the objects which the process called for by the patents were supposed to produce.

Prior to October 1, 1906, the "experiments" with the process were conducted by the Company, and through its chemist, in the apartments of the latter in a boarding-house on Magazine Street, where the chemist and his family were lodged, and which apartments were rented and paid for by the chemist himself. This place was the only establishment, if it may be so called, which the company had.

When the premises concerned in this suit were rented. the chemist and his family were removed there, and there the "experiments" continued. From the day of the levy of the provisional seizure herein (July 15th, 1907), up to the day when the defendant testified in the case (June 4th, 1908), it had no office or place of business or locality for conducting the "experiments," and no meetings of the board of directors were held during that period. Its assets consisted of the patents it owned—their value not shown—and the unpaid subscription to its capital stock, the amount of which no information was given. Who owned the furniture in the leased premises is not testified to.

There was no authority shown in the defendant, as the Secretary, to lease the property for the Company, nor, indeed, is there shown to have been formal authority vested in any one to make this or any other contract binding upon the Company.

The plaintiff did not know anything of or about the Company or any person in any manner connected with it. She did know, however, the defendant who resided near her house.

She did not know nor was she informed, nor did she have any reason to believe or even suspect, that in her negotiations and dealings with the defendant in the matter of the lease, the latter was acting for or on behalf of the Southern Dental Manufacturing Company, or for or on behalf of any one else but himself. The evidence on this point is conclusive. There is, of course, a conflict of testimony thereon, the defendant testifying that he disclosed to the plaintiff his principal. In our opinion, as it was that of our esteemed brother of the lower Court, the preponderance of evidence is the other way.

It is contended, however, by the appellant that the plaintiff, in no event, can recover on her demand for as much as the present action can be maintained alone by her husband, because "the property claimed to have been leased is presumably community property, the pleadings not showing that it is the separate property of the wife, and that she had the administration thereof."

The evidence, as we have shown, establishes the fact that the property was rented by Mrs. Damonte as her own property and so understood and dealt with by defendant.

On the score, therefore, of ownership, the door is closed to defendant for it is elementary that a lessee sued for rent and in undisputed possession of the premises, under th lease, cannot contest the lessor's title.

10 La. 362; 11 La. 173; S. R. 211-18 A. 474; 33 A. 149; 37 A. 732.

The ownership of the property in Mrs. Damonte, at least *quoad* the defendant, being thus admitted by the law, and the proof being that it was leased by her as her own property does not the fact, itself, of her thus leasing the property show that, at least so far as the lease was concerned, she retained the control and administration of the property? This is answered in the affirmative in Woods vs. Collins et al. 18 A. 474. Here the Court said:

"The property was leased by the wife as her own property, and the lessee cannot now dispute it. He contracted with the wife, and the very fact of her leasing the property herself shows that she retained the control and administration of it so far at least as the lease was concerned."

Besides this, it must be noted that both the husband and wife join in the petition, the former, it is true, only to authorize his wife, but he makes a joint affidavit with his wife to the truthfulness of all the allegations contained in the petition.

Any judgment rendered herein in favor of the wife would, under these circumstances, be *res adjudicata* against the husband; so that the reason for the rule that the husband should have brought the suit in his name, even if the contention that he should were well founded, which it is not, disappears in the instant case.

There is no merit in the contention that was agreed that the lease should be reduced to writing and signed by the parties and that as no such lease was ever written and signed there was no completed contract upon which to base a contract right.

The evidence satisfies us that there existed a valid, binding agreement, amounting to a completed contract, verbally made between the parties, to lease the property. If anything at all was said about a written lease, and it is by no means clearly shown to have been discussed, it is not shown to have been contemplated and agreed on up to the time when the verbal contract became complete in itself and independent of any writing (10 La. 225; 30 A. 324), and if it was that a writing was to follow, it was only to furnish proof of a completed anterior verbal contract of lease, for there is no pretense that the terms were in dispute or question and that they were not of the simplest character.

The defendant went into possession of the property at the time verbally fixed for the beginning of the lease and remained therein for ten months—his lease being only for twelve months—and during this period we hear no word or suggestion about a written lease.

The demand in reconvention is frivolous.

The judgment appealed from is affirmed.

January 11, 1909.

Rehearing refused February 8, 1909.

Writ refused by Supreme Court March 17, 1909.