BROWN & SONS vs. SAUL & AL.

APPEAL from the parish court of the parish and city of New-Orleans.

A creditor has no right to interfere in a suit between his debtor and a third party.

Dilatory & declinatory pleas should precede answering on the merits; but when there is a total want of right disclosed by the petition, it may be taken advantage of at any stage of the proceeding.

MATHEWS, J., delivered the opinion of the court. This suit was brought to recover from the defendant $9,000 money alleged to have been lent him by the plaintiffs. In their petition they claim a privilege, as resulting from a pawn or pledge of 400 shares of bank stock, in the bank of Orleans. Before judgment was rendered between the original parties to the action, the bank of Orleans and the bank of Louisiana each filed separate petitions of intervention and opposition to the privilege or preference claimed by the plaintiffs, as above stated, alleging the embarassed state of affairs

or insolvency of the defendant, and imperfec-

tions in the act of pledge, as grounds of their opposition. They were permitted to intervene in the court below, and no objection seems to have been there made to their right of thus interfering with the interest and claims of the original parties. Judgment was finally rendered, supporting the opposition of the intervening parties, from which the plaintiffs appealed.

In the course of the argument before this court, it occurred to us, that the banks, as individual creditors of the defendant, had no right thus to interfere with the administration of justice between him and other individual creditors who were pursuing their claims in the ordinary mode of legal procedure, as the plaintiffs had attempted in the present case. On further reflection and examination of the cause, we are fully convinced of the correctness of the opinion then suggested to the counsel. The soundness of this opinion is however denied by the advocates of the banks, on two grounds; one of substance, the other rather of form. In support of the substantial and legal right of the present intervention, they refer the court to the 389th and 390th articles of the *Code of*

East'n. District.
*April*, 1826.

Brown & sons
*vs.*
Saul & al.

*Practice.* The first of these articles does not in any manner support the pretentions of the parties intervening; for it contemplates an interest which such parties may have, connected with that of one or other of the original parties to a suit, either plaintiff or defendant. In the case now under consideration there is no union of interest in relation to the subject matter in dispute, between the interpleaders and either of the original parties. They claim rights adverse to the pretentions of the plaintiffs, and not in unison with any real interest of the defendant. The expressions of the 390th article convey ideas on the subject of intervention, general and indefinite, and give that right in all cases where third persons have an interest in the success of either of the original parties. But the interest here intended, we are of opinion, must be direct and closely connected with the object in dispute, founded on some right, claim, or lien, either conventional or legal. It surely will not be contended, that under this law, in every case where a creditor sues his debtor, all separately, or any one of the other creditors of the same debtor, may intervene on a bare suggestion of insolvency. The interpretation, as

East'n. District.
*April,* 1826.

BROWN & SONS
*vs.*
SAUL & AL.

above expressed, of these articles of the Code of Practice, is in conformity with the principles established in the Louisiana Code, particularly by the 1967th article. Admitting the want of legal authority of individual creditors to intervene, for the purpose of invalidating contracts made by their debtors, unless the claims be liquidated by judgments; it is contended, that this court cannot notice any objection founded on such want of authority, because it was not made or pleaded in defence of the intervention in the present case, before trial in the parish court. It is perhaps a rule, almost without exception, that all objections to the personal capacity of a suitor to appear in justice, should be made in *limine litis.* All dilatory and declinatory pleas ought to precede the *contestatio litis*; and even peremptory exceptions should be regularly pleaded; but a total want of legal right in a suitor, in relation to the matters in litigation, ought to be taken into consideration and acted on by courts of justice, at any stage of a cause. They should not remain silent spectators of infringments of the true principles of laws, which they are appointed to administer.

BROWN & SONS
*vs.*
SAUL & AL.

Being of opinion that the intervening parties in the present case had no legal right thus to come in, it is ordered, adjudged, and decreed, that the judgment of the parish court be avoided, reversed, and annulled; and it is further ordered, adjudged, and decreed, that judgment be entered against them as in case of nonsuit, and that the cause be remanded to the court below, to be tried between the original parties; the interpleaders to pay all costs in both courts occasioned by their intervention.

*Morse* for the plaintiffs, *Rawle* for the defendants, *Pierce* & *Livermore,* for the intervening creditors.