EASTERN DIST.

*May,* 1837.

NICHOLLS ET AL.

*vs.*

BYRNE.

cotton from se-
veral parcels,
when the evi-
dence is not
clear, the lowest
price of the dif-
ferent parcels
will be taken as
the standard, in-
stead of the
average.

The owner can-
not claim for loss
on cotton deli-
vered back in a
damaged state,
when he fails to
prove that it was
received in good
order, or that it
was damaged
while in the
possession of
the defendant's
agent.

11L 170
46 1571

## NICHOLLS ET AL. *vs.* BYRNE.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-
ORLEANS.

Lessees have no right to complain of the city ordinances which restricts them in some of the *uses* of the leased property, provided such ordinances are legal; and if illegal, the lessee can protect himself. It does not invalidate his lease by dispossession or otherwise disturb him in the enjoyment of the leased premises.

So, where the plaintiffs' leased a batture lot, for the purpose, among other uses, of breaking up flat-boats on it, which was afterwards prohibited by

EASTERN DIST.
*May*, 1837.

NICHOLLS ET AL.
*vs.*
BYRNE.

a general ordinance of the city : *Held*, that the lessees were bound by their lease. The good government of the city requires that its police regulations extend *alike* to every *lessee* and land holder within its incorporated limits.

The restriction of privileges in using leased property, by city ordinances, affords no justification in withholding rent.

The plaintiffs allege that on the 1st November, 1834, they leased a lot of ground in the City of New-Orleans, fronting on the Mississippi river, for the purpose of breaking up flat-boats, and cutting and selling fire-wood and lumber, for the sum of one thousand dollars per annum, and gave their notes to the defendants.

That soon after they took possession they were notified by the wharfinger to cease using the leased premises for this purpose, in pursuance of a city ordinance passed the 17th February, 1835, in which it is expressly prohibited to demolish flat-boats, rafts, etc., within the limits of the city. That in consequence of this order, they were dispossessed of their lease ; wherefore they pray the return and cancelment of their notes, with one thousand dollars in damages.

The defendant admitted the lease, but denied generally the allegations in the petition.

On these issues and pleadings the cause was submitted to a jury, who returned a verdict for the plaintiffs of five hundred dollars. From judgment rendered thereon, the defendant appealed.

*Roselius*, for the plaintiffs, contended, that although it was not expressed in the lease what use it was intended to be made of this property, it is competent for the plaintiff to show by parole testimony that it was leased for the express purpose of breaking up flat-boats, etc., of which use the lessees had been deprived.

2. The breach of the contract of the lease is alleged in the dispossession by the city authorities, and not maintaining the lessees in the peaceable possession and enjoyment of the premises during the continuance of the lease. This was an

obligation imposed on the lessor by the nature of the contract without any clause to that effect. *Louisiana Code,* 2662, No. 3.

3. The moment the plaintiffs were deprived of the use and enjoyment of the property the lease ceased, and the consideration for which the rent was paid, failed. There was a complete eviction. *Louisiana Code,* 2666, 2667.

4. The property which is the subject of this lease, is public, and the defendant had no more right to the use of it than the plaintiff. The corporation had a right to assert the right of the public and regulate the use of it. *Louisiana Code,* 446, 448.

*Worthington,* for the defendant, insisted there was no breach of contract alleged or shown; that there was no eviction; no dispossession or disturbance of possession of the leased premises. He further maintained that the case of Chase *vs.* Turner, lately decided, was decisive of this case, which he cited. 10 *Louisiana Reports,* 19.

*Carleton, J.,* delivered the opinion of the court.

The petitioners aver that on the 1st November, 1834, they leased of defendant a lot of ground in front of the faubourg St. Mary, for the purpose of breaking up flat-boats, and cutting and selling fire-wood; that they executed to him their several promissory notes for the price of the lease; that after being established in their business, they were dispossessed of the ground leased, by the corporation of New Orleans, and prevented from the further prosecution of their enterprise, and conclude with a prayer that the defendant be decreed to return the notes and pay one thousand dollars damages. The contract of lease is annexed to the petition.

The defendant answered by admitting the execution of the lease, but denies all other matters alleged in the petition.

The cause was submitted to a jury, who found a verdict for five hundred dollars in favor of the plaintiff, and the court rendered judgment accordingly. Defendant appealed.

*Lessees have no right to complain of the city ordinances, which restricts them in some of the uses of the leased property, provided such ordinances are legal, and if illegal, the lessee can protect himself. It does not inva-*

On the 1st May, 1836, the following notice was served on the plaintiffs by an officer of the police:

NICHOLLS ET AL.
*vs.*
BYRNE.

" MESSRS. KEYS & NICHOLLS,

" *Gentlemen :*—You are hereby commanded to clear the landing and stop breaking flat-boats or rafts, as per ordinance of the city counsel, approved 17th February, 1835.

(Signed,) "E. STRONG, Wharfinger.

" *New-Orleans, 1st May,* 1836."

The operative clause of the ordinance declared, "that it is expressly prohibited to demolish flat-boats and rafts within the city or incorporated limits, under the penalty of a fine of from ten to twenty dollars for each offence and for each flat-boat or raft, etc."

Upon receiving this notice, the plaintiffs desisted from their work, but were not dispossessed or otherwise disturbed in the enjoyment of the ground leased.

The contract of lease does not specify the purposes to which the lot was to be appropriated ; and if it had, it is not clear that it would in any manner affect the law of the case. The good government of the city requires that all its police regulations should extend alike to every lessee and land holder within its incorporated limits. If the ordinance were unlawful the lessee could protect himself ; if lawful, he has no right to complain. *Louisiana Code, article* 2673.

This case cannot be distinguished from that of Chase *vs.* Turner, 10 Louisiana Reports, page 19. The facts are similar, and the law precisely the same.

We think there is error in the verdict of the jury, and that the judgment of the court should be reversed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed ; that the verdict of the jury be set aside ; that there be judgment for the defendant, and that the plaintiffs pay costs in both courts.

lidate his lease by dispossession, or otherwise disturb him in the enjoyment of the leased premises.

So, where the plaintiffs leased a batture lot, for the purpose, among other uses, of breaking up flat-boats on it, which was afterwards prohibited by a general ordinance of the city: *Held,* that the lessees were bound by their lease. The good government of the city requires that its police regulations extend *alike* to every *lessee* and land holder within its incorporated limits.

The restriction of privileges in using leased property, by city ordinances, affords no justification in withholding rent.