Morphy, J.
Ámbroise C. Dubreuil died in the parish of Iber-ville, on the 15th of October, 1833. His widow was appointed administratrix of his estate, in February, 1834, but rendered an account of her administration only in November, 1844. It was opposed by three creditors, Henry R. Lee & Co., R. P. Gaillard, and R. P. Gaillard & Co., on various grounds, charging the accountant with gross neglect and unfaithfulness in having disposed of, or failed to account for, upwards of ten thousand dollars worth of property belonging to the estate. The notes of the deceased held by Lee & Co., and R. P. Gaillard, became payable a short time before his death, and that due to R.P. Gaillard & Co., fell due in March following (1834). The administratrix pleaded prescription against the claims of those creditors, which had not been placed on the account, or tableau, of distribution. By agreement between.the parties, the plea of prescription was alone submitted to the Judge below, who sustained it in relation to the claims of Lee & Co., and R. P. Gaillard, and overruled it as to that of R. P. Gaillard &. Co. Both the administratrix, and the opposing creditors, whose claims were rejected, appealed.
The question is, whether a succession can be released by prescription from obligations as well as individuals, or in other words, whether the death of a debtor suspends a prescription which was-running in his favor? The Civil Code, article 3487, provides that, “ prescription runs against all persons, unless they are included in some exception established by law.” We find none in favor of the creditors of a succession, and they must be prescribed against, unless they can invoke the general rule, contra non valen-tem agere non currit pres crip tio. This rule applies to all cases where the impossibility of acting arises from other causes, than the personal incapacity of the individual against whom prescription is pleaded. 2 Troplong on Prescription, Nos. 700 and 701. 7 Mart. N. S. 481. 1 La. 281. Although, under our laws, no executory judgment can be obtained against a succession, the creditors are not without the means of asserting their claims, and taking the necessary steps to interrupt prescription. All demands *509 for money, may be presented to the curator, ór administrator, to be acknowledged by him. If the debt is admitted to be a just one, he shall write on the evidence of it, a declaration which he shall sign, stating that he has no objection to the payment of such claim, after which the debtor shall submit it to the Judge, that it may be ranked among the acknowledged debts of the succession. Code of Pract. arts. 984, 985. From the time that this is done, which is equivalent to a judicial demand, prescription we apprehend, must remain suspended, as the .debtor can do nothing more against the estate, except it be to coerce the administrator to a prompt settlement of the estate. If a claim be unliquidated, or objected to by the administrator, the creditor may bring an action in the Court of Probates, where the succession is opened, and there obtain a judgment against it. Art. 986. These proceedings, by which the creditors can interrupt prescription after the death of the debtor, may be resorted to whether the succession be solvent or insolvent. If a creditor takes no step whatever, but remains silent, as in'the present case, a sufficient time for his claim tobe barred by prescription, why should he have the protection of the rule contra non valeutem, &c., when prescription is opposed by any of the other creditors, or by their legal representatives ? The Civil Code, art. 3492, provides that “ prescription does not run against a beneficiary heir, with respect to the debt due to him by the estatethus placing the beneficiary heirs who administer it, upon a different footing from the other creditors against whom prescription is not suspended. The same article provides, that prescription runs against a vacant estate, thongh.no curator has been appointed to the same. The reason of this provision is, that the creditors of a vacant estate, who have an interest in the preservation of its claims and rights, can provoke the appointment of a curator to assert and enforce them. The well settled doctrine in France is, that prescription runs in favor of, as well as against successions. 2 Troplong on Prescrip. Nos. 884 to 808. Merlin, Repert. vol. 17, p. 431. In Durnford v. Clarke’s Estate, 3 La. p. 201, the plea of prescription was interposed by two creditors of Clarke’s estate, against the claim of another creditor which had become extinguished by prescription, only some time after the death of Clarke. It was not pretended in that case, that prescription had been suspended j but it was decided, that one of the op *510 posing creditors, who had an ordinary claim, was without interest to make the plea, not having shown that the estate was insolvent ; that a mortgage creditor can plead prescription against the claim of another creditor whose mortgage clashes with his own, on the proceeds of the same property ; and that, when pleaded by one creditor, prescription does not enure to the benefit of the other creditors. From this decision it is clearly to be inferred, that had the plea been set up by the representative of the estate, it would have been upheld, and that no suspension of prescription results from (he mere fact of an estate being under administration. To show that such a suspension is contemplated by the Code, the counsel for the opposing creditors has called our attention to the several articles in it, regulating' the manner of settling estates, administered by curators or administrators, and particularly to articles 119? and 1176. The first provides, that the administration may be prolonged from year to year, during five years ; and the second allows three years, after the distribution of the assets, for creditors who have not yet been paid, to claim against those who have been paid the proportion they would have been entitled to, had they come forward at the time of the payment of the debts of the succession. It does not appear to us, that the articles relied on authorize the inference drawn from them, nor that the action given by article 1176, can avail any creditors except those whose claims have not been barred by prescription, before the expiration of the three years allowed by that article, Had the intention of the lawgiver been, that prescription should be suspended for claims against an estate under administration, such intention would have been expressed in that part of the Code which treats of the causes which suspend the course of prescription.
As to the note in favor of R. P, Gaillard & Co., the plea of prescription was properly overruled, as the claim was presented to the administrator, and admitted to be ranked among the just and acknowledged debts of the estate ;* but the Judge erred in passing on the merits of the claim, as the question of prescription was alone submitted to him.
Bonford, for tbe administratrix, for a re-hearing.
The acknowledgment of the administratrix amounted but to an interruption of the prescription, which commenced to run anew from that date.
The French law and mode of procedure in cases of insolvency, furnish an analogy of so strong a character to the case before the court, as to be almost decisive of the question. The creditor under the French insolvent system, is not, as with us, stayed from proceeding against the property of the insolvent, or his representative, the syndic. Under that system, it is the duty of the creditor, by article 506 of the Code de Comm, to present his claim to the syndics, who sign upon it, in case of approval, “ ad-mis aupassif de lafaillite de — pour la somme de — /’and it is then required to be presented to the Judge. These are precisely the formalities required to be gone through with, by art. 985 of our Code of Practice, on the part of the creditor of a succession. What effect a compliance with these forms produces on the prescription running against the action of the creditor, is a matter discussed at length by several of the most distinguished French commentators, and has been the subject of decision by the highest tribunal known to the French law. Troplong, Prescription, No. 719, considers it unquestionable that every step taken by a creditor in the insolvent proceedings, amounts to a simple interruption only, and not to a suspension of the prescription. His language is applicable to this case. “ La verification a lieu : le créancier afirme la sincerity de la créance, et il est udmis aupassif de la faillite {art. 505, 507, Code de Com.) De la résulle une reconnaissance qui est elle méme une nouvelle interruption de la prescription. Enfin aprés que le créancier a conquis cetle position, les occasions se pressent encore et se multiplient-. Si les syndics sont oisifs ou négligents ilpeut étre utile de provoquer des reunions de créancierspour les rem-placen: si les operations de la faillite languissent, il faut les ac-tiven et presser les repartitions. Loin done que la faillite com-porte un état d’inaction forcée, elle oblige au contraire le créan-cier a faire les diligences les plus actives. Aussi n ’y a-t-il de suspension á aucune de ses phases, el il a été jugó avec grande raison par la cour de cassation que la prescription inferrompue par les actes dont nous venons de parler recommence a compter des derniéres diligences, et reprend son cours régulier.” A decision of the Court of Cassation in accordance with these views will be found in Sirey, Yol. 32, 1, 537. And see Dalloz, Prescription, p. 273. Taking in view the articles in the Code of Practice, in the chapter on the settlement of successions, commencing with art. 983, but particularly arts. 985, 988, 990, 991 and 993, it will be perceived that the position of the creditors of a succession with us, strikingly resembles that of the creditors of an insolvent in France. And the remark of Troplong applies with as much force to the former as to the latter, that so far from their position implying inactivity, it, on the contrary, calls for the exercise of the greatest diligence.
*511 It is, therefore, ordered and adjudged, that the judgment of the Court of Probates be affirmed, so far as it sustains the plea of prescription in relation to the claims of Lee & Co., and R. P. Gail-lard, and overruled as to that of R. P. Gaillard &, Co.; and that it be reversed in all other respects ; and that the case be remanded to be tried on its merits ; the costs tobe borne by the opposing creditors.

 This is a mistake. See opinion on re-hearing, infra.