FRANCISCO SIENTES *v.* CHARLES ODIER & Co.

Where the judge of the court below gives judgment for the plaintiff, but makes no allusion to the plea in reconvention, set up by the defendant, it is an irregularity, and the case will be remanded.

Where threats and representations, resorted to by a party so that the other was induced to sign a lease and give his notes, which he paid for fear of suit; *Held:* That such threats as these are insufficient to rescind the contract. It is perfectly immaterial to the lessee what was the lessor's right or title to the thing leased. He got under his contract all that he could have acquired from the true owner, quiet and peaceable possession. Ownership is not essential to make a lease valid. He who lets out the property of another warrants the enjoyment of it against the claim of the owner.

A lessee sued for rent, and in undisturbed possession of the premises under the lease, cannot contest the lessor's title.

In order to entitle the payer to recover back money paid by mistake, it must have been paid to a person to whom he did not owe it. *Repetitio nulla est ab eo qui suum recepit.*

Where the object of the lease was a special one, parol testimony cannot be received to prove that the lessee had the privilege of using it for other purposes.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *H. R. Grandmont* for plaintiff. *C. Redmond* for defendants and appellants.

ILSLEY, J. The plaintiff sues the defendants, Charles Odier and Louis Surgi, in the name and style of Charles Odier & Co., for the repetition of one year's rent by him paid to them, under a contract of lease, which contract, he avers, was null and void, for want of cause of legal consideration, and that he was under no legal obligation to pay the notes representing the price of the lease.

The defendants, Odier & Co. (Surgi excepting to any right of action against him) pleaded the general issue; and claimed from the plaintiff in reconvention, for rent of the same premises, from 1st October, 1856, to 1st October, 1858, an additional sum of $533 33, with interest. The court below rendered judgment in favor of the plaintiff for the whole amount claimed, but made no allusion in his decree to the reconventional demand, which irregularity would justify the remanding of the case, did we not deem this demand rather an original than a reconventional one. See 17 La. Rep. 176; 12 La. 510.

The lease is as follows: "Be it known that we, Charles Odier & Co., farmers of the revenue of the fifth section of the port of New Orleans, do hereby lease, for the term of one year, beginning on the 1st October, 1855, to Mr. Francis Sientes, a place on the margin of the river, between the meat market and the red stores, for the purpose of keeping an oyster stand; said stand already erected and in the possession of the lessee."

The present lease is made for and in consideration of a sum of four hundred dollars per annum, payable monthly; and, to secure the payment, Mr. Sientes has furnished to Messrs. Charles Odier & Co., who acknowledge receipt, twelves notes drawn by himself to the order of, and endorsed by José Rosee, and payable every month.

It is understood between the parties that, in case of non-payment of any of the said notes, the lease will become null and void, and the stand *returns* to Charles Odier & Co."

The lessee retained peaceable and undisturbed possession of the leased premises during the whole term of the lease, and no objection is made on

SIENTES
  *v*
ODIER & Co.

that score. He has paid all his notes, and more than a year after the maturity of the last note, discovers that he was not legally bound to pay them; because, as he avers, the contract of lease was null and void for want of cause and legal consideration, and that it was only by the threats, representations and pretence of right, resorted to by Odier & Surgi, that he was induced to sign the lease and execute his notes, which he paid in consequence of the threats and representations resorted to by the same parties and from the fear of being sued.

The nature of the defendants' claim on the leased premises is stated in the lease, and under their right the plaintiff consented to occupy and did occupy them for the stipulated term. Upon the authority of *Bradford's Heirs* v. *Brown*, 10 M.; O. S. 217, such threats as those complained of are insufficient to rescind the contract.

It is perfectly immaterial to the lessee what was the lessor's right or title to the thing leased. The lessee got, under his contract, all that he could have acquired from the true owner, quiet and peaceable possession, which was fully guaranteed to him by his lessor. 2652 and 2666 C. C.

Ownership is not essential to make a lease valid. "He who lets out the property of another," says Article 2652, "warrants the enjoyment of it against the claim of the owner." Had the city, the only competent authority, disturbed the plaintiff in his possession, he might then have complained and resorted to any legal remedy for redress; but he comes, we think, with bad grace, after he has enjoyed the quiet use of the property, and voluntarily paid his notes given in consideration of the lease, to claim the repetition of the amount so paid by him; because, as he avers, the lessor was without right to the property.

On that score the door is closed to him, on the authority of *Tippett* v. *Tete*, 10 La. 362, in which it is held: "That a lessee, sued for rent, and in undisturbed possession of the premises, under the lease, cannot contest the lessor's title;" which doctrine is reaffirmed in *Dennistown* v. *Walton*, 8 Rob. 213, and *Nicholson* v. *Byrne*, 11 La. 173. See also Pothier's Contract de Louage, No. 20, Oblig. 133. This is not a suit to recover the rent, but one for the repetition of rent already paid. We subscribe to the maxim of the civil as well as of the common law: *Repetitio nulla est ab eo qui suum recepit.*

Article 2129 Civil Code, on which the judgment of the lower court is based, as well as Article 18 C. P., have no application to a case like this, in which a contracting party has got the full benefit of his contract. It is true that eventually he was evicted by the city, but it was long after the expiration of the lease for which he made payment and of which he is now seeking the repetition.

On the trial of the case, the plaintiff sought to prove by witnesses, that long prior to the written lease from the defendants to the plaintiff, the latter was already in the possession of the oyster stand mentioned in said lease; to the admissibility of which evidence, the defendants' counsel objected, on the ground that such testimony went to contradict the allegations of the plaintiff's petition, and the terms of the lease, and the objection was sustained, and a bill of exceptions tendered to and signed by the court.

It is stated in the lease that "said stand is already erected and in

possession of the lessee;" and so far as the evidence offered went to corroborate that statement, it was admissible, although unnecessary, as the contract of the parties must govern. What was the previous nature and duration of the possession held by the plaintiff might well be construed by the last clause of the contract, which says that in a certain contingency the lease will become null and void and the stand *returns* to Messrs. Charles Odier & Co. We give full effect, however, to such of this testimony as was legally admissible under the pleadings and not in conflict with the contract.

And again : the plaintiff offered to prove by the same witnesses that, among other representations made to the plaintiff, to induce him to take the aforesaid lease, the defendants, through Surgi, told said plaintiff that he should be permitted to use the aforesaid stand for the sale of fruits, during the summer time; and this evidence being objected to, on the ground that, under the general allegations in the petition, it was inadmissible, the objection was sustained, and to the opinion of the judge thereon a bill of exceptions was tendered, and signed by him. The evidence offered for this purpose was clearly inadmissible, as the plaintiff, in his petition, states that the object of the lease was a special one : the keeping of an oyster stand.

This suit was instituted also against Louis Surgi, as one of the partners of the firm of Charles Odier & Co.; but proceedings against him seem to have been dropped, as his exception to plaintiff's cause of action was not disposed of, nor was there any default taken against, or answer filed by him. In what capacity, if in any, he assumed to act for the defendants, the record does not inform us; but, if he was their agent, as it is contended he was, his observations and conduct, previous to the signing of the lease, can have no effect in this case. As to the alleged threats, it has been already shown that they would be no ground for rescinding the contract; and, as to his promise that, in case it would turn out that the plaintiffs had no right to exact that amount from him, it would be refunded to him, the result of this case exonerates the defendants from that conditional promise, of which they would, in any contingency, have been absolved by maintaining the plaintiff in the quiet and peaceable possession of the leased property for the whole period of the lease.

Viewing this case in all its aspects, we think the plaintiff has failed to sustain the correctness of the judgment of the court below, which must be reversed.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be annulled, avoided and reversed, and that judgment be, and it is hereby rendered in favor of the defendants, and against the plaintiff, with costs in both courts; and it is further ordered, that the right of the defendants, on their claim set up in reconvention, be reserved to them.

(An application for a rehearing was made, but seven judicial days having elapsed it could not be granted.)