151 So. 639

WEIL v. SEGURA.

No. 32566.

Nov. 27, 1933.

J. E. Kibbe, Jr., of Abbeville, and F. B. Freeland, of New Orleans, for appellant.

James N. Brittingham, Jr., of New Orleans, for appellee.

ROGERS, Justice.

Under a written contract dated April 20, 1932, plaintiff leased to defendant the premises described as "gasoline service station with three rooms and paint shop, all known as 3901 and 3911 Banks Street," New Orleans. The lease was for a term of two years beginning on the 1st day of May, 1932, and ending on the last day of April, 1934, at a monthly rental of $120, payable in advance.

Defendant paid the rent due on May 1, 1932, and went into possession of the gasoline station on May 2, 1932. Defendant removed from the leased premises on May 27, 1932, and refused to pay the rent due June 1, 1932. Plaintiff, alleging defendant's refusal to pay,

brought this suit for the recovery of the rent for the unexpired term of the lease. Defendant admitted the execution of the lease, but denied any indebtedness for rent, and averred that he vacated plaintiff's premises, because plaintiff failed to deliver to him the entire premises covered by the lease.

After defendant vacated the premises, plaintiff leased them to another tenant, from whom he received $225 in rents. The court below held that defendant was entitled to credit for these rents, and gave plaintiff judgment for the amount sued for, less the $225 collected by plaintiff from the new tenant. From this judgment, defendant has appealed.

The record satisfies us that defendant examined the premises before he signed the lease and knew they were occupied by tenants. The gasoline station was occupied by one Palmisano and the paint shop by one Knauss.

The contract of lease contains a stipulation that, in the event possession of the leased premises cannot be given owing to delays in obtaining possession from the tenants, the lease shall not be affected thereby, but the lessee shall be entitled to the remission of the rent for the term during which he is deprived of possession.

The filling station was delivered to defendant on April 30, 1932, and on May 2, 1932, defendant began business, the intervening day falling on Sunday. Knauss had agreed with plaintiff to remove from the paint shop on May 7, 1932. When that day arrived, Knauss refused to move, and tendered plaintiff the rent for another month. Plaintiff declined to accept the rent until he had obtained defendant's permission for Knauss to

remain until June 7, 1932. Defendant was called to the telephone and agreed to this, provided plaintiff would credit defendant with the rent he was to receive from Knauss. Plaintiff received $50 from Knauss, and on May 23, 1932, he sent defendant a check for the amount. Defendant vacated the premises on May 27, 1932, and only a few days thereafter, namely, on June 7, 1932, Knauss vacated the paint shop, and the whole of the leased premises was at defendant's disposal.

■ The judge of the district court reached the conclusion, we think correctly, that defendant became dissatisfied with his contract, and thought he could abrogate it by abandoning the premises and setting up the claim that defendant had neglected to fulfill his obligation by failing to deliver plaintiff possession of the paint shop. But the lease itself expressly provided for such a contingency by stipulating that delays resulting from the failure to obtain possession from former tenants should not affect the lease and by providing for a rebate of rent in accordance with such delays. As parties choose to bind themselves in their business agreements, so must they be held bound.

■ The abandonment by the lessee of the leased premises matures the whole amount of rent under the lease. Sliman v. Fish, 177 La. 38, 147 So. 493.

■ Where the lessee abandons the leased premises, the lessor may rent the property to other tenants without impairing his recourse against the lessee, though lessee is entitled to credit for the rent received. Bernstein v. Bauman, 170 La. 378, 127 So. 874; Sliman v. Fish, supra.

Therefore plaintiff is entitled to judgment for the rent for the unexpired term of the lease, subject to a credit to the lessee of the rent received from the new tenant, unless plaintiff by his own act has forfeited his right of recovery, either in whole or in part.

On the trial of the case, it developed that plaintiff by formal notarial act executed on November 14, 1933, had sold the leased premises to one Mrs. Theresa Guelp. And defendant contends that, in any event, plaintiff is not entitled to recover any rent after the date he sold the property. We think the contention is sound.

It is true, as argued by plaintiff, that ownership is not essential to make a lease valid.

He who possesses a thing belonging to another may let it out to a third person. Civ. Code, art. 2681. In such a case, the lessor warrants the enjoyment of the thing leased against the claim of the owner. Civ. Code, art. 2682. And a lessee sued for rent, and in undisturbed possession of the leased premises, cannot contest the lessor's title. Sientes v. Odier & Co., 17 La. Ann. 153.

While the lessor is not required to own the thing which he leases, he is required to possess it. And, although the lessee in undisturbed possession cannot contest the title of his lessor, he is entitled to claim the remission or reduction of the rent if he is wholly or partially evicted from the leased premises. Wood v. Sala y Fabrigas, 105 La. 1, 29 So. 367.

When plaintiff resumed possession of the leased premises after they had been abandoned by defendant, he was acting for his tenant, and his possession was that of his tenant, and he was required to account to his tenant for any rent he received from the property. But, when plaintiff sold the property to Mrs. Theresa Guelp free of incumbrances, he conveyed to the vendee full dominion, including the exclusive right of possession, of the property which he owned. Plaintiff's possession for account of his tenant was converted necessarily into possession for his own account for the purpose of making the sale. Thereafter it is clear that defendant could not reoccupy the premises, nor could defendant, nor plaintiff for defendant's account, sublease to another or sell the right of occupancy from the proceeds of which defendant might extinguish or diminish his obligation to plaintiff.

In the case of Roumage v. Blatrier, 11 Rob. 101, where, pending an action to enjoin the execution issued upon a judgment obtained by a lessor against the surety of his lessee for the amount of the lease for years, to be paid from time to time as the rent may become due under the lease, the lessor sold the property without any stipulation that the sale was made subject to the lease, the court apparently thought the lease should be dissolved from the date of the sale; and the court remanded the case for the purpose of inquiring into the fact of the sale and to liquidate the balance due the lessor for rent up to the time of the sale, after deducting the rent collected by the lessor's agent from various tenants during the period the lease was abandoned by the lessee; and to make the purchaser a party to the proceeding.

A similar principle is involved in this case, but we see no necessity for remanding the

case, as the sale of the property free from all obligations of the lease is admitted, and no good reason is suggested for making the purchaser of the property a party to this suit.

Our conclusion is that the sale of the leased premises terminated the lessor's rights, and precludes him from recovering from the lessee any rent beyond the date of the sale.

Defendant defaulted on the rent due for the month of June, 1932. The property was sold by plaintiff on November 14, 1932. Therefore defendant is indebted to plaintiff for rent for the months of June, July, August, September, October, and one-half of the month of November, 1932—say, for five and one-half months—at $120 per month, or a total of $660, subject to a credit of $225 for the rent collected by plaintiff for defendant's account, making the net amount due plaintiff $435, together with the interest thereon.

For the reasons assigned, the judgment herein appealed from is amended by reducing its principal sum from $2,711, to $435, and, as thus amended, it is affirmed; costs of appeal to be paid by plaintiff.