## FEDERAL LAND BANK OF NEW ORLEANS v. SPENCER.*
### No. 5006.

Court of Appeal of Louisiana.
Second Circuit.
April 1, 1935.

Shotwell & Brown, of Monroe, for appellant.

Jos. M. Reeves, of Vidalia, and Jesse C. McGee, of Harrisonburg, for appellee.

TALIAFERRO, Judge.

Plaintiff, by written contract leased to defendant for the year 1933 the "Adeline E. Spencer" place, containing 299 acres, and other plantations, on the south side of Little river in the parish of Catahoula, for a stipulated cash rental price. Not desiring to renew the lease contract for the year 1934, and having secured other tenants for all the properties for that year, timely written notice was given defendant to vacate the properties on January 1, 1934, and deliver possession of same to the new tenants. This request was complied with as to all the lands excepting a long and narrow strip of 80.37 acres off of the east side of section 37, township 7 north, range 5 east, described in the petition, which, the evidence clearly shows, is a part of the Adeline E. Spencer place, being on the east side thereof.

On October 24, 1934, ejectment proceedings were instituted against defendant to dispossess him of the 80.37-acre tract. He resists that proceeding and justified his action in holding the property by alleging that he did not lease said land from plaintiff for the year 1934, but holds possession thereof by virtue of a written contract of lease from Mrs. Brainetta Spencer Montgomery et al., of date on or about June 9, 1934. He also denies that he leased, or intended to lease, the tract from plaintiff for 1933. He further avers that the persons from whom he leased the tract in 1934 have had actual possession thereof for more than thirty years, paid taxes thereon for that period, and that their ownership and possession of the same has been open and notorious. His answer concludes by averring that the case involves a question of title between his 1934 lessors and plaintiff which cannot be determined in this suit, a summary proceeding.

Plaintiff moved to strike out all allegations of the answer relative to ownership of the land, which was sustained by the court.

After trial of the case on the remaining issues raised by the pleadings, there was judgment for plaintiff as prayed for. Defendant prosecutes this appeal.

Testifying as a witness in his own behalf, defendant contradicted the averments of his answer by saying that the 1934 lease, under which he claims to hold possession of the tract in controversy, was a verbal one.

As stated before, there is no doubt that the 80.37-acre tract in dispute is a part of the Adeline E. Spencer place leased to defendant for the year 1933. A survey of the place after this controversy arose establishes this fact. Therefore, the relation of landlord and tenant automatically arose between the parties, as to this tract, on signing of the 1933 lease.

In a suit between persons bearing this relation, to enforce the terms of the contract or for possession of the leased premises after its termination, the issue of title cannot be injected into the case by the lessee. Having recognized the right of the lessor to lease the property to him by signing the lease and taking possession and holding the property thereunder for its term, the lessee is estopped and precluded, so long as that relation subsists, from challenging the title of the one under whom he so holds. The character of this possession, when once begun, is presumed to have continued in the lessee. Article 3446, Civil Code. The question arises: May this relation be entirely dissolved, and the right of the lessor to dispossess the tenant through summary proceedings be defeated simply because the tenant, still holding possession of the leased premises, goes out and secures a new

lease thereon from another person after the first lease has expired by limitation? We do not think this possible.

In Moulierre v. Coco, 116 La. 845, 41 So. 113, 114, the court gave expression to this significant language, viz.: "Saucier having commenced his possession of the estate for the defendants could not change the character of his possession. Civ. Code, art. 3446. A tenant cannot dispute his lessor's title while in possession of the leased premises." Citing Town of Morgan City v. Dalton, 112 La. 9, 36 So. 208; Harvin v. Blackman, 112 La. 24, 36 So. 213.

The same principle is announced in Hanson v. Allen, 37 La. Ann. 732.

In Rector v. Gibbon, 111 U. S. 276, 284, 4 S. Ct. 605, 608, 28 L. Ed. 427, the court, in terse language, affirmed the existence of and recognized this doctrine, by saying: "The contract of lease implies not only a recognition of his title, but a promise to surrender the possession to him on the termination of the lease: They, therefore, while retaining possession, are estopped to deny his rights."

The judgment appealed from is clearly correct, and is affirmed, with costs.