**LACAZE v. BEEMAN.**

No. 5589.

Court of Appeal of Louisiana. Second Circuit.

Jan. 28, 1938.

Arthur C. Watson, of Natchitoches, for appellant.

R. E. Gahagan, of Natchitoches, for appellee.

HAMITER, Judge.

A written contract was allegedly entered into on December 11, 1934, by and between plaintiff and defendant, under which the former leased and let unto the latter, for a term of one year commencing January 1, 1935, a certain 30-acre tract of land located in Natchitoches parish. The lease provided for the payment to the lessor of one-fourth of all crops produced on the premises during its duration period. A further stipulation therein was that the lessor would receive his rightful share of all sums that might be obtained through the renting of a portion of the property to the United States government under its agricultural program.

The land was in the possession of defendant and was cultivated by him during the designated term of the lease.

When the lessee refused to make the agreed payments, this suit was instituted. The lessor prays for judgment for one-half of the amount alleged to have been obtained by the lessee from the United States government and for one-fourth of the proceeds received from the sale of all crops grown on the leased premises during the year 1935. He further prays that his lessor's lien and privilege upon the crops be recognized and enforced, and for the issuance of a writ of provisional seizure. The writ issued in accordance with the prayer, and lessee's crops were seized.

In his answer defendant admits his refusal to pay the rentals stipulated in the written contract and avers that the lease was not executed by him. In the alternative, he pleads that if it be held that he signed the contract of lease, he did so through error. Assuming the position of plaintiff in reconvention, lessee alleges that he owned the tract in question, and that his enjoyment and possession of it have been disturbed by the filing of this suit. He prays for the rejection of plaintiff's demands and the dissolution of the writ of provisional seizure, and that he have judgment in reconvention quieting and maintaining him in the possession of said land.

Subsequently, plaintiff pleaded that:

"The defendant, Hugh Beeman, by his acts in leasing the property in question from your mover for the year 1935 thereby recognized the ownership of the property in question as being in your mover or his lessor and that the said Hugh Beeman is thereby estopped from setting up title in himself at this time. That your mover makes this special plea of estoppel and asks that the court maintain same."

The trial court rendered judgment in plaintiff's favor recognizing him as being entitled to one-fourth of the proceeds realized from the sale of all crops seized in the suit by the sheriff of Natchitoches parish, and ordering the maintenance of the writ of provisional seizure with recognition of the lessor's lien and privilege on the seized property. There was a rejection of plaintiff's demand for rent under the aforementioned government agricultural program. Defendant's reconventional demand was also denied.

Defendant appealed from the judgment. Plaintiff neither appealed nor filed answer to defendant's appeal, and, consequently, his claim for the alleged government rent is not before us for consideration.

■ The evidence in the record convinces us that defendant signed and executed the lease contract on which this suit is founded, and that he appreciated the significance of his act. The notary public who prepared and passed the instrument, testified emphatically that he was present when defendant signed it and that said act was read very carefully and slowly to him.

■ This bring us to a consideration of lessee's contention that he was and is the owner of the tract of land. Mr. Justice Land, as the organ of the Supreme Court in the recent case of Stinson v. Marston, 185 La. 365, 169 So. 436, 438, said:

662

"The defendants in this case cannot deny their lessor's title and refuse to pay rent under the lease."

In substantiation of that statement, he quoted the following from the case of Spence v. Lucas, 138 La. 763, 70 So. 796, 798, to wit:

"When Silliman Lucas entered into the contract of lease with R. W. Davis, she was the owner, in indivision, with her four children, of the property leased. Nevertheless she leased the whole property to Davis. The lease was valid; for ownership is not essential to make a valid contract of lease. Article 2682 provides that:

" 'He who lets out the property of another, warrants the enjoyment of it against the claim of the owner.'

"And leases have been enforced against lessees where the lessor was not the owner of the real property leased. Chase v. Turner, 10 La. 19; Tippet v. Jett, 10 La. 359; Nicholls v. Byrne, 11 La. 170; Dennistoun v. Walton, 8 Rob. 211; Sientes v. Odier, 17 La.Ann. 153.

"Silliman Lucas, the lessor, and her transferees in title, with notice of the existence of the lease, could not sue to annul the lease on the ground that she was not the owner in whole or in part of the property at the date of the lease. And the intervenors, the lessees, would not be permitted to sue them for the dissolution of the lease if they were not disturbed in their possession."

Other cases in our Louisiana jurisprudence announcing the doctrine that a tenant cannot dispute his lessor's title while in possession of the leased premises are: Weil v. Segura, 178 La. 421, 151 So. 639; Federal Land Bank v. Spencer, La.App., 160 So. 175; Mathews v. Priest, La.App., 165 So. 535.

█ In view of the above-stated principle of law, and as the evidence discloses that defendant was undisturbed in his possession of the tract, we hold that the defense of ownership cannot prevail and that the judgment of the trial court is correct.

█ After we had given consideration to the instant case and this opinion had been written, appellee's counsel filed in this court a motion to dismiss the appeal founded on our alleged lack of jurisdiction thereof. The pleading was not accompanied by a brief. Because of the belated and untimely filing of such motion, and as the record does not clearly and definitely disclose that we have no jurisdiction of the appeal, it will be overruled.

The judgment is affirmed, with costs.