This is a suit for damages for breach of a written contract of lease. The original claim amounted to $313.50, but in order to bring it within the jurisdictional limit of the First City Court $13.51 was remitted. The Lagonda Corporation, through its agent, Oliver L. Clark, leased the premises, No. 1635 First Street, for a term of eleven months and ten days to George Lewis and Alfred Cancasci, for a monthly rental of $45. It was agreed that the failure to pay any installment of rent would cause the rent for the unexpired term to become due and exigible. The lessees and their families vacated the premises on March 21st, 1941, and no rent was paid thereafter. At that time six months and ten days remained of the term of the lease, consequently, under the acceleration clause and another provision of the lease, there was due plaintiff the sum of $285, plus attorneys' fees of ten per cent., or $313.50. One of the lessees, George Lewis, was not sued, the explanation being that he had entered the service of the United States as a member of its armed forces under the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix,§ 301 et seq., though reservation of plaintiff's right to sue Lewis is made in its petition.
In his answer, the defendant, Alfred Cancasci, denied that there was anything due under the lease, because, he avers, it had been cancelled in an oral agreement entered into between the lessee and Oliver L. Clark, the representative of the plaintiff corporation, the lessor, just prior to lessees' removal from the premises.
During the trial below counsel for plaintiff announced that the Lagonda Corporation had entered into a new lease with another tenant beginning May 1st, 1941, at the same rental, and that, consequently, "there is at issue before the court now, only the question of the defendant's liability, vel non, for the rental for the period between March 21st, 1941, through April 30th, 1941, inclusive, together, of course, with interest and attorneys' fees", whereupon the court asked *West Page 776 
counsel whether all the balance of the rent sued for was remitted and the answer was in the affirmative.
The court then considered the evidence bearing upon the oral agreement cancelling the written lease, and, being of the opinion that the defendant had failed to establish the oral contract relied upon, proceeded to render judgment in favor of plaintiff in the sum of $61.50, representing the rent for one month and ten days, plus $25 attorneys' fees (the minimum fixed by the lease). From this judgment the defendant has appealed. The plaintiff has answered the appeal alleging that the new tenant, since the trial of the case below had defaulted in the payment of his rent, causing the plaintiff to lose an additional two months' rent, and praying that the judgment be amended so as to reserve its right to sue for this additional rent or any further damages it might suffer in another proceeding. To this answer the defendant countered by filing an exception of no cause of action.
We know of no precedent for the filing of an exception of no cause of action addressed to an answer to an appeal, nevertheless, the issue which it seeks to raise is properly before us by reason of the answer to the appeal.
As we have pointed out, the plaintiff in its answer to the appeal alleged that it had urged the lower court to reserve its rights as against the defendant for any further damages due to the default in the lease contract, but counsel is mistaken. Perhaps, he is referring to the remission of rent which he claims was misconstrued by the court below. If so, we answer that the remission was unequivocal, unqualified, clear and concise.
We shall first consider the question of whether or not there was an oral agreement cancelling the lease and we have no difficulty in reaching the conclusion that the record fails to show any such agreement.
It is well settled that when a tenant defaults in the payment of his rent the landlord is entitled to such damages as may result from the default, including the loss which might result from the failure of a new tenant to pay the rent for which the original lessee was bound.
In Bernstein v. Bauman et al., 1930, 170 La. 378, 127 So. 874, 877, the plaintiff had originally leased certain premises to L.J. Bauman, Wm. H. Baumann and K.C.S. Drug Company and, subsequent to their default had re-leased the property to a man by the name of Gordon for a smaller rental. The plaintiff wrote defendants a letter announcing the fact of the rental of the property for a smaller amount and demanded the difference of $45 per month. Subsequently, Gordon defaulted and defendants, when sued for additional rent, claimed that the plaintiff was estopped by his letter, in which only the difference was claimed, but the court said:
"On February 10, 1928, plaintiff [lessor] addressed a letter to the defendants [lessees] informing them that he had leased the premises to A.E. Gordon at the rate of $105 per month, and that he would expect them to pay him the difference between that rental and the rental expressed in their lease, or, $45 per month. Defendants pleaded that by reason of the letter, plaintiff was estopped from demanding judgment against them for more than $45 per month.
"Plaintiff did not lease the premises to Gordon until defendants had abandoned them and after he had made due demand upon defendants. He took possession of the premises and leased them to Gordon as a negotiorum gestor for defendants and for the purpose of minimizing the damage. There is no reason in law or equity why the defendants, who by reason of their abandonment of plaintiff's premises without lawful cause are bound for the rent of the whole term, should not sustain the loss in the event of a default on the part of the new tenant."
See, also, Sliman v. Fish, 1933, 177 La. 38, 147 So. 493, and Weil v. Segura, 1933, 178 La. 421, 151 So. 639.
In the Fish case, supra [177 La. 38, 147 So. 495], the Supreme Court said: "Where the lessee abandons the premises, the lessor may rent the property to other tenants, and does not thereby cancel the lease, or impair his recourse upon the lessee. He is, however, equitably bound to credit the lessee for the amount he received from the new tenants. Holden v. Tanner, 6 La.Ann. 74."
Here, however, the question is not now the quantum of damages suffered as a result of the original default by defendant on the lease contract, but the validity of the judicial waiver or remission of the rent during the course of the trial below.
Article 2291 of the Revised Civil Code reads as follows: *West Page 777 
"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
"It amounts to full proof against him who has made it.
"It cannot be divided against him.
"It cannot be revoked, unless it be proved to have been made through an error in fact.
"It can not be revoked on a pretence of all error in law."
Counsel takes the position that his action in remitting the balance of the rent was based upon an error of fact and, reliance is placed upon the following articles of the Revised Civil Code:
Article 1893. "An obligation without a cause, or with a false or unlawful cause, can have no effect."
Article 1897. "The contract is also considered as being without cause when the consideration for making it was something which, in the contemplation of the parties, was thereafter expected to exist or take place, and which did not take place or exist. A gift in consideration of a future marriage is void by this rule, if the marriage do not take place."
The error of fact which counsel claims misled him is the failure of the second tenant to pay his rent, or, as he puts it in his brief, "both parties to this proceeding believed at the time of trial — erroneously, it now appears — that the new tenant would continue to fulfill his obligations". It is pointed out that the plaintiff was under an obligation to minimize his damages and that in renting the property to a second tenant, he was discharging that obligation. It is true that a landlord is legally obligated to minimize his damages by endeavoring to obtain a new tenant in the event of a default by the original tenant. Bernstein v. Bauman et al., supra; Sliman v. Fish, supra.
As to the error of fact, there was no existing fact concerning which counsel was mistaken, or of which counsel was not informed. He knew all that there was to be known at the time of his remission of the balance of his client's claim, which was, that the defendant had defaulted and that he had a new tenant. He was not obliged to assume responsibility for the continued payments of the rent by the new tenant. He need not have made any remission at all. He might have called the court's attention to the fact that the property was rented in order that the court, in its judgment, could credit the defendant with the amount of the rent which he should collect from the second tenant, or he could have asked for a reservation of his right to sue for any rent which the second tenant failed to pay. He did neither. With all the facts before him, he chose to accept the new tenant at face value and assume the risk of the new tenant paying his rent. He not only made a voluntary remission, or waiver, of the balance of the rent, for which the new tenant had obligated himself, but repeated it in response to a question which the trial judge asked, without any equivocation, reservation, or qualification.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.