Mr. and Mrs. Billy Wiseman, the plaintiffs herein, filed suit against C.J. Begnaud, defendant, in the sum of $152.00, alleging that this amount was due them for rent of the premises designated by the municipal number 3006 Palmyra Street, New Orleans, at the rate of $38.00 per month, for a period of four months beginning September 1st, 1947.
Defendant filed an exception of no right or cause of action and an answer denying that he was indebted to plaintiffs in any sum whatsoever, and averring that plaintiffs were not the owners of the property in question. He reconvened claiming $990.00, alleging that this amount was expended by him through the act of plaintiffs in compelling him to move from 3006 Palmyra Street, and that in seeking new housing accommodations it was necessary for him to purchase the entire furnished contents of a residence which, he finally acquired in No. 1612 N. Claiborne Avenue, New Orleans, Louisiana. *Page 837 
The exception of no right or cause of action was overruled and, after a trial on the merits, there was judgment in plaintiffs' favor as prayed for and dismissing defendant's reconventional demand. From this judgment defendant has appealed.
The record shows that on August 19th, 1947, Mrs. Rose Nesser, wife of Billy Wiseman, acquired the property in question by act of sale before Mark W. Malloy, Notary Public, from Mrs. Rosa Z. Hoffman, her grandmother. On the same day, the defendant was notified by the plaintiffs to vacate the premises.
The defendant admits that be was the tenant of Mrs. Hoffman, the owner of the property previous to August 19th, 1947. But that at no time did the relationship of landlord and tenant exist between the plaintiffs and himself. He further contends that on or about July 10th, 1947, he had entered into a lease for the period from July 1st, 1947, through December 31st, 1948, with Mrs. Hoffman's agent for a monthly rental of $43.50. However, we fail to find any evidence in the record to indicate the existence of such a lease. Therefore we must conclude that no such lease existed.
Counsel for defendant avers that the lower court erred in the following particulars:
"1. Refusing to permit evidence attacking plaintiffs' title to the property in question:
"2. Failure to require plaintiffs to prove a contract of lease".
[1] The question of whether or not one in possession of real estate may attack the title thereof is well settled under the jurisprudence of Louisiana and is to the effect that a tenant cannot dispute his lessor's title while in possession of leased premises. Lacaze v. Beeman, La. App., 178 So. 660; Weil v. Segura, 178 La. 421, 151 So. 639; Federal Land Bank v. Spencer, La. 160 So. 175.
[2, 3] As to defendant's second contention that it was the duty of the lower court to require the plaintiffs to prove a contract of lease, it is also well settled under our jurisprudence that it is both a moral and a legal right of one acquiring the title to real estate to exercise all the rights and to assume the obligations of the previous owner as against the occupant of those premises and, by the same token, it is the moral and legal duty of the tenant to assume his obligations and rights as lessee with respect to the owner thereof. Certainly the tenant by merely remaining as an occupant of this property after its acquisition by the plaintiffs, tacitly consented to the plaintiffs giving to the defendant the use and enjoyment of this property at a fixed price. Therefore, the relationship of landlord and tenant did exist. See Revised Civil Code, Articles 2669, 2670 and 2674. This is especially true with respect to the "fixed price" since the advent of the Office of Price Administration, Rent Control Division, because as of March, 1942, the rental value of residential real estate was frozen by the administrators of this Office and, therefore, the price of this type of real estate remains fixed and regulated, with certain exceptions, irrespective of its acquisition by one, or a succession of new owners.
It has been urged by the defendant that inasmuch as he vacated the premises on December 20th, 1947, that he should, even if the contract of lease be proved, not be cast for more than the rent for the months of September, October, November, and the pro rata share of the rent for the month of December, 1947.
[4] We are in accord with this view. The lease for the month of December, 1947, does not fall within our doctrine of "tacit reconduction" for the reason that the defendant was notified to vacate these premises on August 19th, 1947, and was subsequently ordered evicted by judgment of this Court on November 28th, 1947. Therefore, the defendant should only be required to pay the pro rata share of the rent for the month of December, 1947.
It is our opinion that the judgment of the trial court was correct as to the principal demand with the exception of pro rating the rent for the month of December, 1947.
With respect to the reconventional demand, defendant contends that the trial *Page 838 
court erred in refusing to permit evidence to be introduced in support thereof.
Counsel for plaintiff objected to the introduction of evidence in connection with this reconventional demand, stating "we had no notice of that and I don't think that is responsive to this case and the court has no jurisdiction on that. Further, it is an unliquidated claim". The trial court maintained this objection "for the reason the reconventional demand is an unliquidated claim".
[5] We are of the opinion that the trial court was correct in refusing to permit the introduction of evidence in support of this demand, not that it is an unliquidated claim, we do not consider it necessary to pass on that phase of the matter, but rather because defendant's petition failed to disclose a cause of action. While it is true, that the defendants in reconvention did not file an exception of no right or cause of action either below or in this court, their failure to do so will not militate against this Court taking judicial notice of the fact that this reconventional demand fails to disclose a cause of action.
[6] In Brown Son v. Saul et al., 4 Mart. (N.S.) 434, 16 Am.Dec. 175, decided in 1826, the court said:
"It is perhaps a rule, almost without exception, that all objections to the personal capacity of a suitor to appear in justice, should be made in limine litis. All dilatory and declinatory pleas ought to precede the contestatio litis; and even peremptory exceptions should be regularly pleaded; but a total want of legal right in a suitor, in relation to the matters in litigation, ought to be taken into consideration and acted on by courts of justice, at any stage of a cause. They should not remain silent spectators of infringements of the true principles of laws, which they are appointed to administer."
See also II Tulane Law Review 527, in an article entitled "Parties Litigant in Louisiana", where we find the following (535):
"No case was found which held expressly that the exception of want of interest was a peremptory one founded on law. Such a classification clearly is to be inferred, however, from the holding that it may be pleaded at any stage of the proceedings. Hence it follows that it may be filed for the first time on appeal, and at any time prior to the submission of the case to the appellate court. Indeed, our Supreme Court has gone very much further than this in holding that even though such an exception was not pleaded, the court had no alternative except to notice the plaintiff's lack of interest ex proprio motu, and to reject his demand. In this respect it seems to enjoy the anomalous status of the exception of no cause of action which, though deemed a peremptory exception founded on law required to be pleaded specially, must be noticed by the court of its own motion even where not pleaded specially."
For the reasons assigned the judgment appealed from is amended by reducing the amount awarded to plaintiffs to $138.58, and as thus amended it is affirmed.
Amended and affirmed.